UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANDRE DRAPER-EL                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:09CV-P85-S

MARY GODFREY,
LOUISVILLE METRO POLICE OFFICER                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Mary Godfrey's motion for summary judgment. Also before the Court are several discovery and other, related motions by the *pro se* Plaintiff Andre Draper-El. After review, the Court will grant Defendant Godfrey summary judgment because based on the undisputed facts this action is time-barred. The Court will deny Plaintiff's motions because the requested discovery does not relate to the timeliness issue.

I.

On July 9, 1997, Plaintiff was indicted by a Jefferson County Grand Jury for possession of a controlled substance in the first degree. The indictment was based on an incident which occurred on September 12, 1996. On that evening, Defendant Godfrey suspected Plaintiff of participating in illegal drug activity. During the course of arresting Plaintiff, Defendant Godfrey seized a rock of cocaine from his person. After the arrest, Defendant Godfrey deposited the cocaine in the police property room.

Per police department policy evidence is not to be destroyed until the underlying matter has been fully adjudicated. The detective that deposited the item in the property room is responsible for indicating when a piece of evidence is ready for disposal. On the day of Plaintiff's criminal trial, it was discovered that Defendant Godfrey had erroneously marked the cocaine allegedly found on Plaintiff to be destroyed too early; it was destroyed some six weeks prior to Plaintiff's indictment.

At Plaintiff's criminal trial, the Commonwealth introduced the computer print-out of the envelope in which the evidence was sealed. The print-out identified the evidence, the officer who deposited the evidence, the dates on which it was seized and deposited, and the case name; it was signed by both Defendant Godfrey and the property room clerk. Sergeant David Hogue, one of the officers in charge of handling evidence stored in the property room, testified as to how the evidence was stored, documented, and transported to the crime lab for analysis. Mr. Gary Bowling, a chemist with the Kentucky State Police Crime Lab, testified as to how the evidence was tested. The Commonwealth introduced the lab report prepared by Bowling. The report indicated that the rock found on Plaintiff was cocaine, a Schedule II narcotic.

In this action, Plaintiff is suing Defendant Godfrey for the wrongful destruction of the evidence. He appears to argue that had it not been destroyed he would have been able to argue at trial that it weighed less than a gram or some similar strategy.

After a jury trial, Plaintiff was convicted in Jefferson County Circuit Court on October 16, 1998. He appealed his conviction to the Kentucky Court of Appeals, which affirmed Plaintiff's conviction and issued an opinion on January 21, 2000. The opinion became final on March 7, 2000. The Supreme Court of Kentucky denied discretionary review on November 15, 2000.

## II.

Summary judgment is proper " if the pleadings, the discovery and the disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[N]ot every issue of fact or

conflicting inference presents a genuine issue of material fact which requires the denial of a summary judgment motion." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

"'[W]here the moving party has the burden -- the plaintiff on a claim for relief or defendant on an affirmative defense -- *his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party*.'" *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984) (emphasis in original)). "[I]f the moving party also bears the burden of persuasion at trial, the moving party's initial summary judgment burden is 'higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (quoting 11 James Wm. Moore, et al., Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000)). Thus, "[s]ummary judgment in favor of the party with the burden of persuasion . . . is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### III.

Defendant Godfrey's primary argument in favor of summary judgment is that this action is time-barred. Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky § 1983 actions are limited by the one-year statute of

limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Here, Plaintiff had reason to know of his injury when in October 1998 he became aware at the start of his criminal trial that Defendant Godfrey had improperly marked the evidence for destruction prior to his indictment. Plaintiff did not file this action until over a decade later in February 2009. As such, it is beyond dispute that this action is time-barred. Defendant Godfrey is entitled to summary judgment.

**IV.**

For the reasons set forth above, Defendant Godfrey's motion for summary judgment (DN 20) is **GRANTED.** By separate Order, the Court will direct the Clerk to enter summary judgment in favor of Defendant Godfrey.

All remaining pending motions are **DENIED as moot.**

Date:

cc:   Plaintiff, *pro se*
      Counsel of record
4411.008

4